## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No._____

SARA BRUBAKER, and   DALE BRUBAKER,

Plaintiffs,

v.

MEGAN A. RING, in her individual capacity, and

KATHRYN HAY, in her individual capacity,

      Defendants.

_____

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## UNDER 42 U.S. C. § 1983 FOR CIVIL RIGHTS VIOLATIONS
_____

PLAINTIFFS SARA and DALE BRUBAKER, through undersigned counsel, bring this action pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief for violations of their rights secured by theSixth Amendment and the Equal Protection Clause of the Fourteenth Amendment.

## **JURISDICTION AND VENUE**

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1343,and 42 U.S.C.§1983.  This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S. C. §§ 2201 and 2202, and is empowered to grant injunctive relief pursuant to Fed. R. Civ. P. 65.

2.     This Court possesses proper subject matter and personal jurisdiction over the parties.

3.      Venue is appropriate in this district because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district, and Plaintiffs' causes of action arose in Colorado.

## PARTIES

4.      Plaintiff Sara Brubaker is a citizen of the United States and a resident of Wyoming, and at all times relevant hereto was a criminal defendant in Larimer County, Colorado Case Number 2020CR1727.

5.      Plaintiff Dale Brubaker is a citizen of the United States and a resident of Wyoming, and at all times relevant hereto was a criminal defendant in Larimer County, Colorado Case Number 2020CR 1733.

6.      Defendant Megan Ring is a citizen of the United States and a resident of Las Cruces, New Mexico. She is sued in her individual capacity. At all times relevant thereto, Ring was the Colorado Public Defender.

7.      Defendant Kathryn Hay is a citizen of the United States and a resident of Colorado. She is sued in her individual capacity and was, at all times relevant hereto, the Office Head of the Colorado Public Defender, Larimer County, Colorado office.

8.       Pursuant to § 2-1-103(2), Colorado Revised Statutes (2021), the Public Defender has primary responsibility for the Colorado indigent defense function and "shall represent felony defendants who are eligible under 'guidelines established by the supreme court for appointment of public defenders'".

9.      With respect to all facts and violations alleged in this complaint, Defendants acted under color of state law.

## **ALLEGATIONS OF FACT**

10.     Plaintiffs Sara and Dale Brubaker are criminal defendants in Larimer County Case Numbers 2020CR1727 and 2020CR 1733, respectively.

11.     Plaintiffs are unemployed, elderly, persons with less than $2,000 in combined annual income, for whom a friend posted bond.

12.     Plaintiffs are each charged with multiple felonies, including a Class 3 felony.

13.     On April 23, 2021, Defendants Megan A. Ring and Kathryn Hay, through their deputy, Eric Vanatta, filed a Notice in the Larimer County District Court contending that the Plaintiffs do not qualify for court-appointed counsel.

14.     The Colorado Supreme Court, through Chief Justice Directive 04-04, propounds statewide standards for the determination of indigency, pursuant to the directive of C.R.S. § 2-1-103(2) (2021), through an "Eligibility Scoring Instrument".

15.     Defendant Hay departed from the standards, by determining that the Plaintiffs' assets were sufficient to disqualify them, despite the fact that they qualified readily under the Eligibility Scoring Instrument, which takes assets into account.

16.     Counsel for the plaintiffs advised the Defendants that they had failed to comply with Chief Justice Directive 04-04, and that the Plaintiffs plainly qualified for court-appointed counsel under the Chief Justice Directive standards and Eligibility Scoring Instrument, could not afford to hire counsel, or essential experts, and would be denied counsel if the Defendants did not follow the Directive.

17.     Dale Brubaker also advised that the bulk of the assets were his wife's separate property, which was an inheritance from a relative, but the Defendants continued to attribute her assets to him, and continued to ignore the Eligibility Scoring Instrument.

18.     The Defendants refused to comply with the statewide standards, with the result that

the Plaintiffs have been subjected to a violation of their right to the equal protection of the laws, and denied the assistance of counsel and experts essential to their defense.

## COUNT I
## VIOLATIONS OF RIGHTS SECURED BY THE EQUAL PROTECTION CLAUSEOF THE FOURTEENTH AMENDMENT
(42 U.S.C. § 1983)

19.     Plaintiffs hereby incorporate by reference each of the allegations set forthin the preceding paragraphs as if realleged fully herein.

20.     Plaintiffs were and are similarly situated in all relevant aspects to other criminal defendants who apply for the appointment of counsel, and qualified for appointment of counsel under the statewide mandatory standards for the determination of indigency.

21.     Plaintiffs were treated differently from the similarly-situated criminal defendants who apply for the appointment of counsel when the Defendants unjustifiably refused to follow the statewide mandatory standards for the determination of indigency

22.     Defendants Ring and Hay declined to appoint counsel for the Plaintiffs and advised the Larimer County District Court that the plaintiffs did not qualify.

23.     The actions taken by Defendants Ring and Hay and those acting on behalf of Defendants Ring and Hay, and referred to herein, were done by Defendants Ring and Hay while acting under color or state of law and had the effect of depriving Plaintiffs of rights secured by the Constitution and laws of the United States, specifically the Sixth Amendment to the United States Constitution and the EqualProtection Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT II
## VIOLATIONS OF RIGHTS SECURED BY THE SIXTH AMENDMENT
(42 U.S.C. §1983 )

24.     Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

25.     At all times relevant herein, Defendants were aware that the Plaintiffs were charged with multiple, serious, felonies, and had a constitutional right under the Sixth Amendment to the assistance of counsel for their defense.

25.     At all times relevant herein, Defendants were aware that Chief Justice Directive 04-04 was created to be applied uniformly, statewide, to all applicants for the appointment of counsel.

26.     The Defendants unjustifiably and unlawfully failed to follow the Chief Justice Directive, failed to apply the standards as they do other similarly situated applicants, and denied the Plaintiffs' counsel for their defense.


## COUNT III

## VIOLATIONS OF RIGHTS SECURED BY THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT
(42 U.S.C. § 1983)

27.     Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

28.     At all times relevant hereto, Defendants were aware that Plaintiffs face a potential loss of their physical liberties and have a constitutional right to the appointment of counsel as a matter of due process under the Fourteenth Amendment.

28.     At all times relevant hereto, Defendants were aware that Chief Justice Directive 04-04 required Defendants to apply a pre-defined and uniform standard to the determination of whether applicants qualify for the appointment of publicly-funded counsel on the basis of

indigency.

29.    In addition to the general requirements of due process under the Fourteenth

Amendment, Colorado law contains substantive guarantees of an indigent defendant's rights

to appointed Counsel.  Colo. Const. Art. II, §§ 16 and 25; CO ST RCRP Rule 44(a); Chief

Justice Directive 04-04.

29.    By unjustifiably and unlawfully failing to apply the standards defined through Chief

Justice Directive 04-04, Defendants arbitrarily denied Plaintiffs due process in both the

evaluation of their qualifications for appointed counsel and in the non-appointment of such

counsel.

### **PRAYER FOR RELIEF**

The conduct previously alleged, unless and until enjoined by order of this Court, will

cause great and irreparable injury to Plaintiffs. Further, a judicial declaration is necessary and

appropriate at this time so that all parties may know their respective rights and act accordingly.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. A declaration that Defendants' actions, described herein, violate the Sixth and Fourteenth

Amendments to the United States Constitution;

2. An order enjoining all Defendants, their employees, agents, and any and all persons acting

in concert with them from further violation of Plaintiffs' civil rights under the Sixth and

Fourteenth Amendments to the United States Constitution;

3. An order awarding Plaintiff s reasonable attorneys' fees, litigation expenses and costs

pursuant to 42 U.S.C. § 1988 and any other applicable law;

4.    Such other and further relief as the Court deems just and proper.

DATED this 2nd day of September, 2021

Respectfully Submitted,

/s/ Christopher S. Gregory

Christopher S. Gregory
The Gregory Law Firm, LLC
201 Coffman Street #1822
Longmont, CO 80501
970.672.0846
Fax: 970.692.2479
cspgregory@thegregorylawfirm.net
Colo. Reg. No. 37095

/s/ Ingrid J. DeFranco

Ingrid J. DeFranco
LAW OFFICE OF INGRID J. DEFRANCO
PO Box 128
Brighton, CO 80601-0128
303-443-1749
Fax: 303-558-4294
Ingrid.defranco@gmail.com
Colo. Reg. No. 31206

*Attorneys for Plaintiffs*

Sep  01  2021  02:27PM  The  Hall  Law  Office,LLC  9703560122                    page  10

## Verification

I, Dale Brubaker, declare as follows:

1.      I am a Plaintiff in the present case and a citizen of the United States of America.

2.      I have personal knowledge of the facts and events set out in the foregoing *Verified Complaint for Declaratory and Injunctive Relief,* and if called to testify, I would testify in accordance with the allegations made therein.

3.      I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning myself, my activities, and my intentions are true and correct, as are the factual statements concerning the Defendants, their activities, and the effect of their actions. 28 U.S.C. § 1746.

Executed this  1st  day of September , 2021

By: _Dale Brubaker_____

Dale Brubaker

9

## Verification

I, Sara Brubaker, declare as follows:

1.    I am a Plaintiff in the present case and a citizen of the United States of America.

2.    I have personal knowledge of the facts and events set out in the foregoing *Verified Complaint for Declaratory and Injunctive Relief*, and if called to testify, I would testify in accordance with the allegations made therein.

3.    I verify under penalty of pe\jury under the laws of the United States of America that the factual statements in this Complaint concerning myself, my activities, and my intentions are true and correct, as are the factual statements concerning the Defendants, their activities, and the effect of their actions. 28 U.S.C. § 1746.

Executed this __1st__ day of September 2021

By: ___Sara Brubaker___

Sara Brubaker