IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02694-STV

SARA BRUBAKER and

DALE BRUBAKER,

     Plaintiffs,

v.

MEGAN A. RING, in her individual capacity, and

KATHARINE HAY, in her individual capacity,

     Defendants.

---

## MOTION TO DISMISS PLAINTIFFS' COMPLAINT

---

Defendants, by and through the Office of the Colorado Attorney General and the undersigned assistant attorneys general, file this motion pursuant to Fed. R. Civ. P. 12(b)(1) and (6), show as follows:

### BACKGROUND

This is a 42 U.S.C. § 1983 action brought by two citizens against two State employees in their individual capacity. In their Complaint filed on October 5, 2021, Plaintiffs seek an order declaring that Defendants violated their Constitutional rights; enjoining Defendants from further violations of

1

Plaintiff's rights; and awarding them fees, expenses, and costs. [Doc. No. 1.] For the reasons set forth below, Defendants request this Court to dismiss Plaintiffs' action in its entirety.

## PLAINTIFFS' ALLEGATIONS

Plaintiffs' factual allegations are as follows: Plaintiffs are defendants in two criminal cases pending in Colorado state court, Larimer County Court Case Nos. 2020CR1727 and 2020CR1733. [Doc. No 1] at ¶ 10. They are each facing multiple charges, including a class 3 felony. *Id.*, ¶ 12. On April 23, 2021, Defendants, through their deputy, notified the state district court that Plaintiffs do not qualify for court-appointed counsel. *Id.*, ¶ 13. Defendants determined that Plaintiffs' assets disqualified Plaintiffs from receiving free counsel. *Id.*, at ¶ 15. Plaintiffs protested the ineligibility determination and advised Defendants that they could not afford to hire counsel. *Id.*, at ¶ 16. Plaintiff Dale Brubaker advised that the bulk of assets attributed to him were his wife's separate property, but Defendants continued to attribute the assets to him. *Id.*, at ¶17. Defendants' actions have violated Plaintiffs' right to equal protection and denied them the assistance of court-appointed counsel. *Id.*, at ¶ 18.

2

## PLAINTIFFS' CLAIMS

Based on the foregoing allegations, Plaintiffs bring three claims against Defendants under 42 U.S.C. § 1983: for alleged violation of their Equal Protection rights under the Fourteenth Amendment; violation of rights secured by the Sixth Amendment; and violation of rights secured by the Due Process clause of the Fourteenth Amendment.

## SUMMARY OF THE ARGUMENT

Plaintiffs improperly name as Defendants two employees of the Office of the State Public Defenders in this action in which Plaintiffs seek to relitigate an issue that was addressed by the Larimer County District Court (hereinafter the State district court") which concluded that Plaintiffs are not indigent such that the Court may appoint the public defender and alternate defense counsel to represent them in their state criminal cases. That determination was made by the State district court and not by Defendants. For several reasons discussed below, this Court should dismiss this action because it lacks subject matter jurisdiction and because Plaintiffs' Complaint fails to state a 1983 claim against Defendants upon which any relief can be granted.

3

## ARGUMENT

### I.  This Court lacks subject matter jurisdiction and should dismiss under Rule 12(b)(1).

In a Rule 12(b)(1) motion, the moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004).  A review of Plaintiffs' underlying state criminal cases to which Plaintiffs refer in their Complaint, *see* Complaint [Doc. No. 1], at ¶ 10, reveals that Plaintiffs are seeking through this action either a review or a re-litigation of that Colorado state court order that denied their request for court appointed counsel. *See* Order Denying Request for Court Appointed Counsel (hereinafter the "State court order"), filed herewith as **Exhibit A**.[1]

---

[1] When a party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside the pleadings does not convert the motion to dismiss to a Rule 56 motion for summary judgment." *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003)

Thus, although Plaintiffs name two employees of the Office of the State Public Defender as defendants, their issue is with the court that entered the State court order. Defendants request this Court to take judicial notice of the State court order. *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (In appropriate circumstances, federal courts may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue). Here, the State court order shows that Plaintiffs challenged the State public defender's determination that Plaintiffs were ineligible for court-appointed counsel and that the State district court held a hearing on that issue on April 29, 2021. Exhibit A at 1. Subsequent to the hearing, at which Plaintiffs were represented by counsel, the State district court made findings and entered the State court order on May 3, 2021. *See id.*

The State district court specifically found, *inter alia*, that Plaintiffs have over $440,000 in assets, including over $100,000 in cash at hand for each, and that they were therefore not indigent for purposes of court-appointed counsel. *Id.*, at 6. Plaintiffs petitioned the Colorado Supreme Court for a review of the State district court's order under Colorado Appellate Rule

21, and the supreme court denied Plaintiffs' petition on June 1, 2021. *See* Order of Court, filed herewith as **Exhibit B**.

Having lost in state court, Plaintiffs have now turned to this federal district court for a second bite. Initially, this Court lacks subject matter jurisdiction to grant the relief they are requesting. To the extent they are seeking a review of the State court order, this court lacks appellate jurisdiction and, to the extent they are attempting to relitigate the issue they lost in the State district court, they are barred by the doctrines of *Rooker-Feldman,* collateral estoppel, and *Younger* abstention.

A. This Court lacks jurisdiction over Plaintiff's 1983 claim for injunctive relief against Defendants in their individual capacities.

Plaintiffs are asking this Court to issue a declaratory order and to grant injunctive relief against Defendants, who are sued in their individual capacity. This Court lacks authority to grant such relief because Plaintiffs' claims are not cognizable in this jurisdiction. *Brown v. Montoya*, 662 F.3d 1152, 1161, n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief") (*citing Hafer v. Melo*, 502 U.S. 21, 30, 27 (1991); *see*

6

*also Simon v. Burtlow*, 2021 WL 4059782, at *3 (D. Colo. Sept. 7, 2021);

*Walker v. Knapic*, 2020 WL 9459154, at *2 (D. Colo. Nov. 10, 2020).

B. Plaintiff's action is barred by the *Rooker-Feldman* doctrine.

Under the *Rooker–Feldman* doctrine, federal district courts lack

jurisdiction to review state court judgments. *Facio v. Jones*, 929 F.2d 541, 544

(10th Cir. 1991). While this Court might ordinarily have subject matter

jurisdiction over federal question claims under 28 U.S.C. § 1331, *Rooker-*

*Feldman* precludes it from exercising such jurisdiction here. *Exxon Mobil*

*Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). The *Rooker–*

*Feldman* doctrine precludes "cases brought by state-court losers complaining

of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of

those judgments." *Exxon Mobil Corp.*, at 282 (2005). This is the case here,

where Plaintiffs initiated the instant action after the State court order was

entered and the Colorado supreme court declined Plaintiffs' petition for its

review.[2] Under *Rooker-Feldman*, "a party losing in state court is barred from

---

[2] In this jurisdiction, *Rooker-Feldman* applies regardless of whether the state order at issue is temporary or final. *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004).

seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). Pursuant to 28 U.S.C. § 1257(a), "federal review of state court judgments can be obtained only in the United States Supreme Court." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998).

C. *Younger* doctrine requires this Court to abstain from intervening.

Where a plaintiff has raised certain claims in a prior proceeding, *Younger* deprives a district court of jurisdiction to resolve the same claims. *Goings v. Sumner Cty. Dist. Attorney's Office*, 571 Fed. Appx. 634, 639 (10th Cir. 2014). The *Younger* doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), provides that a federal court should not intervene in state criminal prosecutions begun prior to the institution of a federal suit when the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) offer an adequate opportunity to hear federal constitutional claims. *Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003).

According to Plaintiffs, their state criminal prosecutions are ongoing, with trial scheduled for December 2021. *See* [Doc. No. 13] at p. 9.

Plaintiffs allege they are "charged with multiple felonies, including a Class 3 felony." [Doc. No. 1] at ¶ 12. Those criminal cases necessarily implicate important state interests. *Strickland v. Wilson*, 399 Fed. Appx. 391, 397 (10th Cir. 2010) (finding that state proceeding involved important state interests where it involved the enforcement of its criminal laws); *Hicks v. Miranda*, 422 U.S. 332, 349 (1975) ("The rule in *Younger v. Harris* is designed to permit state courts to try state cases free from interference by federal courts") (internal quotation marks omitted).

Plaintiffs do not allege the State courts do not offer them an adequate opportunity to present their federal constitutional claims. "[I]t is a plaintiff's burden to establish that state law prevents him from presenting his federal claims in state proceedings." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999). When a state forum provides an adequate avenue of relief, federal courts should not interfere by granting the sort of relief that Plaintiff is requesting. *See, Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002).

"Once these three [*Younger*] conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*,

9

319 F.3d 1211, 1215 (10th Cir. 2003). Accordingly, Defendants respectfully request this Court to dismiss this action.

## II.  Plaintiffs' action is properly dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

### A. Plaintiffs' allegations fail to state a claim against Defendants upon which any relief may be granted.

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The *Twombly/Iqbal* pleading standard requires courts to take a two-prong approach to evaluating the sufficiency of a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The first prong requires the court to identify which allegations "are not entitled to the assumption of truth" because, for example, they state legal conclusions or merely recite the elements of a claim. *Id*. at 678. The second prong requires the court to assume the truth of the well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Accordingly, in examining a complaint under Rule 12(b)(6), [courts] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest

the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Here, Plaintiffs' complaint does not allege any concrete affirmative act or omission by either defendant. It only alleges that:

- "Defendants Megan A. Ring and Kathryn Hay, through their deputy, Eric Vanatta, filed a Notice in the Larimer County District Court contending that the Plaintiffs do not qualify for court-appointed counsel." [Doc. No. 1] at ¶ 13.
- "Defendant Hay departed from the standards [of a Colorado Chief Justice Directive] by determining that the Plaintiffs' assets were sufficient to disqualify them [from indigency]." *Id.*, ¶ 15.
- "Counsel for Plaintiffs advised the Defendants that they had failed to comply with Chief Justice Directive …" *Id.*, ¶ 16.
- "Dale Brubaker also advised that the bulk of the assets were his wife's separate property … but the Defendants continued to attribute her assets to him …" *Id.*, ¶ 17.
- "The Defendants refused to comply with the statewide standards …" *Id.*, ¶ 18.

In general, "state actors may only be held liable under § 1983 for their own acts, not the acts of third parties," *Robbins*, at 1251, and to state a claim, a § 1983 complaint must allege facts which, if true, establish an "affirmative link between the defendant's conduct and any constitutional violation," *Stidham v. Peace Officer Stds. & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001). Plaintiffs' complaint fails to do this. "In § 1983 cases, defendants often include the government agency and a number of government actors sued in

11

their individual capacities. Therefore, it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from the collective allegations against the state." *Robbins*, at 1249-50 (emphasis in original text).

Plaintiffs' allegation here that Defendants acted "through their Deputy, Eric Vanatta," [Doc. No. 1] at ¶ 13, indicates Plaintiffs are suing these Defendants in their supervisory capacity. Government officials are not vicariously liable for the misconduct of their subordinates because "[t]here is no concept of strict supervisor liability under § 1983," *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151-52 (10th Cir. 2006), and "Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights," *id*.

Plaintiffs' allegation that "Defendant Hay departed from the standards," [Doc. No. 1] at ¶ 15 is personal opinion or legal conclusion that cannot withstand a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Equally insufficient are the allegations that Defendants "failed to comply with Chief Justice Directive," [Doc. No. 1] at ¶ 16, or with "statewide standards," *id*. at ¶18, as too is the allegation that Defendants attributed to Dale Brubaker the bulk of assets that were Sara Brubaker's. *Id.* at ¶ 17. Not only are these allegations impermissibly conclusory, they also do not rise to the level of a constitutional violation. At most, to the extent they may be construed to state a claim, these allegations suggest that Defendants were negligent in the way they evaluated Plaintiffs' applications for appointment of counsel. Negligence alone cannot support a claim under section 1983; as the Supreme Court has made clear, liability under § 1983 must be predicated upon a "deliberate" deprivation of constitutional rights by the defendant. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).  It cannot be predicated upon negligence. *Daniels v. Williams*, 474 U.S. 327, 330 (1986) ("We conclude that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property); *see also Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability"). Because there is no

allegation that either of the defendants personally or intentionally violated Plaintiffs' rights, Plaintiffs fail to state an actionable claim.

B. Plaintiff's action is barred by issue preclusion, or collateral estoppel.

Generally, *res judicata* is an affirmative defense to be pleaded in the defendant's answer. However, when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer. *Tri–State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, 564 Fed. Appx. 345, 347 (10th Cir. 2014).

The U.S. Supreme Court has long recognized that "the determination of a question directly involved in one action is conclusive as to that question in a second suit." *Cromwell v. County of Sac*, 94 U.S. 351, 354 (1876). The idea is straightforward: Once a court has decided an issue, it is "forever settled as between the parties," *Baldwin v. Iowa State Traveling Men's Ass'n.*, 283 U.S. 522, 525 (1931), thereby "protect[ing]" against "the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent verdicts." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015).

14

The issue-preclusion principle means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 356 (2016). Under the doctrine of issue preclusion, "a prior judgment ... foreclos[es] successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *New Hampshire v. Maine*, 532 U.S. 742, 748–749, (2001). *Herrera v. Wyoming*, 139 S. Ct. 1686, 1697 (2019).

For an issue to be collaterally estopped, the party invoking the doctrine has the burden of establishing four separate elements: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014). Because all these elements are met here, Plaintiffs are estopped from bringing this action.

15

(1)     The issue previously decided is identical with the one presented in the action in question. The issue presented in this action is whether Plaintiff's are entitled to court-appointed counsel in their Colorado state criminal proceedings. *See* [Doc. No. 1] at ¶ 29. This is the same identical issue Plaintiffs raised before the state district court and which was addressed in the State court order. *See* Exhibit A.

(2)     The prior action has been finally adjudicated on the merits. Plaintiffs challenged the initial determination made by the State Public Defenders Office that Plaintiffs were ineligible for court-appointed counsel. Exhibit A at 1. The State district court held a hearing on April 29, 2021, made inquiries, and considered the facts and the law before issuing its order. *Id*. Plaintiffs appealed to the state supreme court and the supreme court let the district order stand. *See* Exhibit B.[3]

(3)     the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication. Plaintiffs themselves brought

---

[3] Plaintiffs may not now seek through this action a final adjudication on the merits correcting perceived errors in the State court order; under *Rooker-Feldman*, federal district courts lack jurisdiction over a suit challenging the correctness of a state-court ruling. *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1142 (10th Cir. 2006).

the action in the State district court objecting to the public defender's ineligibility determination, and a public defender appeared on behalf of the public defender's office. *See* Exhibit A at 1.

(4)     The party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. Plaintiffs appeared with counsel before the State District court and were accorded a hearing on April 29, 2021. Exhibit A at 1. The court subsequently issued an order setting forth its detailed findings of fact and analysis. *Id.*

C. Plaintiffs' 1983 claims brought against Defendants in their individual capacity is barred by qualified immunity.

A defense of qualified immunity may be properly asserted in a Rule 12(b)(6) motion. *Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.,* 232 F.3d 1334, 1337 (10th Cir. 2000). Qualified immunity protects government officials as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007). It balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Pearson*

17

*v. Callahan*, 555 U.S. 223, 231 (2009). Plaintiffs here allege that "Defendants unjustifiably refused to follow the statewide mandatory standards for the determination of indigency," [Doc. No. 1] at ¶ 21, and "unlawfully failed to follow the Chief Justice Directive," *id*. at ¶ 26. Where a public official is alleged to have erred while executing official duties, such employee is still entitled to immunity. *Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2085 (2011) ("Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions").

When a defendant raises the defense of qualified immunity, the plaintiff must demonstrate that the defendant's conduct violated a federal constitutional or statutory right which was clearly established at the time of the conduct. *Hulen v. Yates*, 322 F.3d 1229, 1237 (10th Cir. 2003). The plaintiff is then held to a heightened standard of pleading, and the complaint should include all of the factual allegations necessary to sustain a conclusion that defendant violated clearly established law. *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 646 (10th Cir. 1988). The plaintiff must adequately allege a violation of clearly established law and plead facts which, if true, show that any reasonable official would have understood that what he

or she was doing violated the plaintiff's rights under that law; i.e., that an objectively reasonable official would have known that his conduct was unlawful. *Lawrence v. Reed*, 406 F.3d 1224, 1230 (10th Cir. 2005).

Thus, to sustain their individual capacity claims against Defendants here, Plaintiffs must now point to law that was clearly established and show how Defendants violated it. If they cannot, their claims must be dismissed. *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) (unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal).

## CONCLUSION

WHEREFORE, for the reasons and authorities set forth above, Defendants respectfully request this Court to dismiss Plaintiffs' Complaint with prejudice and to grant the Defendants all other relief to which they are entitled by law.

RESPECTFULLY SUBMITTED this 11th day of November 2021,

PHILIP J. WEISER
Attorney General

*/s/ Andrew M Katarikawe*
_____

ANDREW M KATARIKAWE*
Senior Assistant Attorney General
Tort Litigation Unit
Civil Litigation & Employment Law
   Section
SCOTT SCHULTZ*
Senior Assistant Attorney General
Attorneys for Defendants

*Counsel of Record

## **CERTIFICATE OF SERVICE**

I certify that I served the foregoing MOTION TO DISMISS upon all parties herein by e-filing and service through the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 11th day of November 2021.

*s/  Linda Miller*