IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02694-STV

SARA BRUBAKER and

DALE BRUBAKER,

      Plaintiffs,

v.

MEGAN A. RING, in her individual capacity and in her official capacity as the
Colorado State Public Defender, and

KATHARINE HAY, in her individual capacity and in her official capacity as a
Deputy Colorado State Public Defender,

      Defendants.

---

## MOTION TO DISMISS PLAINTIFFS' AMENDED VERIFIED COMPLAINT

Defendants, by and through the Office of the Colorado Attorney General

and the undersigned assistant attorneys general, file this motion pursuant to

Fed. R. Civ. P. 12(b) and 15(a)(3).

## BACKGROUND

This is a 42 U.S.C. § 1983 action brought by two citizens against two State

employees in their individual and official capacities. In their Amended Com-

plaint filed on November 16, 2021 [Doc. No. 23], Plaintiffs seek an order declar-

1

ing that Defendants violated their rights guaranteed by the Sixth and Four-teenth amendments to the U.S. Constitution, enjoining Defendants "from fur-ther violation of Plaintiff's civil rights," and awarding them reasonable fees, ex-penses, and costs. *Id*. at 10. For the reasons set forth below, Defendants request this Court to dismiss Plaintiffs' action in its entirety.

## PLAINTIFFS' ALLEGATIONS

As pertinent to their claims, Plaintiffs allege the following facts: Plaintiffs are defendants in two criminal cases pending in Larimer County Court, Colorado, Case Nos. 2020CR1727 and 2020CR1733. [Doc. No. 23] at ¶ 9. They are each facing multiple charges, including a class 3 felony. *Id*., ¶ 16. Defendant Ring's "responsibilities include oversight, policy implementation, and management of the State's public defender system. *Id*., ¶ 18. Defendant Hay "is responsible for the direct oversight of procedures and employees" within the judicial district in which Plaintiffs' criminal cases are pending. *Id*., ¶ 19. On April 23, 2021, Defendants, "through their deputy," notified the state district court that Plaintiffs do not qualify for court-appointed counsel. *Id*., ¶ 20. Defendant Hay "was aware that her deputy … maintained the position" during a hearing in the State district court that Plaintiffs did not qualify for court-appointed counsel. *Id*., ¶ 21. On May 3, 2021, the State district court entered an

order that "affirmed Defendants' determination that Plaintiffs did not qualify for appointed counsel." *Id.*, ¶ 23. Plaintiffs petitioned the Colorado supreme court for extraordinary relief under C.A.R. 21. *Id.*, ¶ 24. The Colorado supreme court denied Plaintiffs' petition. *Id.*

## SUMMARY OF THE ARGUMENT

Plaintiffs are attempting to relitigate through this action an issue they lost in state courts; namely whether they qualify, under the state's indigency determination standards, for court-appointed counsel. They improperly bring the action against two employees of the State Public Defender's office, who did not issue the State court order that Plaintiffs are challenging. For several reasons discussed below, this Court should dismiss this action because it lacks subject matter jurisdiction and because Plaintiffs' amended complaint fails to state a 1983 claim against Defendants upon which any relief can be granted.

## ARGUMENT

I. **This action is properly dismissed under Fed. R. Civ. P. 12(b)(1) because this Court lacks subject matter jurisdiction.**

In a Rule 12(b)(1) motion, the moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. *Merrill*

*Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004).
While Plaintiffs name two employees of the State Public Defender's office as
defendants, what they are really challenging is a State court order that denied
their request for court-appointed counsel. A review of the underlying state
criminal cases to which Plaintiffs refer in their Complaint, *see* [Doc. No. 23] at ¶
10, reveals that Plaintiffs are seeking through this action either a review of the
State order or a re-litigation of the issue decided by that court. Defendants
request this Court to take judicial notice of the ORDER DENYING REQUEST
FOR COURT APPOINTED COUNSEL (hereinafter the "State order"), attached
and filed herewith as **Exhibit A**. *See, e.g., St. Louis Baptist Temple, Inc. v. Fed.
Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (in appropriate
circumstances, federal courts may take judicial notice of proceedings in other
courts, both within and without the federal judicial system, if those proceedings
have a direct relation to matters at issue); *Davis ex rel. Davis v. United States*,
343 F.3d 1282, 1296 (10th Cir. 2003) (when a party challenges the allegations
supporting subject-matter jurisdiction, courts have wide discretion to allow other
documents outside the pleadings to resolve disputed jurisdictional facts without
converting the motion to dismiss to a Rule 56 motion for summary judgment).

4

The State order shows that the State public defender's determination that Plaintiffs were ineligible for court-appointed counsel was reviewed by the State court, which held a hearing on the issue on April 29, 2021. Exhibit A at 1. Plaintiffs were represented by counsel at the hearing. *Id*. On May 3, 2021, the State district court made findings and entered the State order. *Id*. The State district court specifically found, *inter alia*, that Plaintiffs have over $440,000 in assets, including over $100,000 in cash at hand, and that they were therefore not indigent for purposes of court-appointed counsel. *Id*., at 6. Plaintiffs petitioned the Colorado Supreme Court for a review of the State district court's order under Colorado Appellate Rule 21, and the supreme court denied Plaintiffs' petition on June 1, 2021. [Doc. No 23], ¶24.

Having lost in state court, Plaintiffs have now turned to this federal district court for a second bite. Initially, this Court lacks subject matter jurisdiction to grant the relief Plaintiffs are requesting. Second, to the extent Plaintiffs are seeking a review of the State order, this court lacks appellate jurisdiction. Third, to the extent they are attempting to relitigate the issue they lost in the State district court, they are barred by the doctrines of *Rooker-Feldman,* collateral estoppel, and *Younger* abstention. Finally, Plaintiffs fail to

show entitlement to fees or costs, and their request should be accordingly denied.

### A. This Court lacks jurisdiction to review a state court judgment under *Rooker-Feldman.*

Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction to review state court judgments. *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). The *Rooker–Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, even where a federal court might ordinarily have subject matter jurisdiction over federal question claims under 28 U.S.C. § 1331, *Rooker-Feldman* precludes it from exercising such jurisdiction where "a party losing in state court is … seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). Such is the case here, where Plaintiffs brought the instant action after the State court entered its order and the Colorado supreme court declined Plaintiffs'

petition for its review.[1] Any challenge to the State court order lies exclusively with the United States Supreme Court. Pursuant to 28 U.S.C. § 1257(a), "federal review of state court judgments can be obtained only in the United States Supreme Court." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings").

### B. *Younger* doctrine requires this Court to abstain from intervening in Plaintiffs' ongoing state criminal proceedings.

Under the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), "federal courts are to abstain from exercising jurisdiction to interfere with state proceedings when the following three requirements are met: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019).

---

[1] In this jurisdiction, *Rooker-Feldman* applies regardless of whether the state order at issue is temporary or final. *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004).

7

Because all these factors are met, abstention is mandatory. *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) ("[o]nce these three [*Younger*] conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain").

The first *Younger* requirement is met because Plaintiffs' criminal proceedings are ongoing in state court. Plaintiffs allege they are facing ongoing state criminal prosecutions, with trial scheduled for December 2021. *See* [Doc. No. 13] at p. 9; [Doc. No. 23] ¶¶ 16, 17. The second requirement is satisfied because the state court proceedings provide an adequate forum to hear the claims raised in Plaintiffs' federal complaint. When a state forum provides an adequate avenue of relief, federal courts should not interfere by granting the sort of relief that Plaintiff is requesting.  *See, Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002). "[I]t is a plaintiff's burden to establish that state law prevents him from presenting his federal claims in state proceedings." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999). Plaintiffs do not allege that Colorado state courts do not offer an adequate opportunity to present their federal constitutional claims. They merely allege that when they petitioned the Colorado supreme court for extraordinary relief it denied their petition. [Doc. No.

23], ¶ 24. While acknowledging that denial of their petition "has no substantive significance" regarding the finality of the State court's judgment, they nevertheless argue that they "have exhausted all potentially adequate state remedies," *id.*, and make the serious and wholly unsupported allegation that Defendants "conspired" with the Larimer District Court, the Colorado Supreme Court, and the 8th Judicial District Attorney's Office to deprive them of their constitutional rights, *id.*, ¶ 25. Elsewhere, Plaintiffs have argued that "[t]he district court which afforded the "review" declined to address the constitutional issues raised by the Plaintiffs, effectively denying them a state forum in which to present their constitutional claims." [Doc. No. 27] at 4. However, unlike the situation in the case they cite, *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n,* 319 F.3d 1211, 1215 (10th Cir. 2003), Plaintiffs here had an opportunity to present their constitutional arguments to the state courts before turning to this Court. The fact that the state courts were not persuaded by their arguments does not equate to a denial of Plaintiffs' constitutional protections. *See Winn*, at 1258 ("[i]ndeed, the state trial court conducted an evidentiary hearing on the claim. *Younger* requires only the availability of an adequate state-court forum, not a favorable result in the state forum"). Further, Plaintiffs do not allege that they are unable to raise any federal challenges on a direct appeal in state court if they

are dissatisfied with results of their criminal proceedings. *See Winn*, at 1258 (despite denial of petitions for writs of mandamus and prohibition in state court, *Younger* required abstention because defendant's claims could be raised on direct appeal in state court).

The third *Younger* requirement is also met because Plaintiffs' state criminal proceedings involve important state interests which traditionally look to state law for their resolution. Plaintiffs allege they "are each charged with multiple felonies, including respective Class 3 felony charges." [Doc. No. 23] at ¶ 16. A state's criminal proceedings necessarily implicate the state's important interests, where only the state can enforce its criminal laws to protect it citizens. *Winn*, at 1258 ("For the purposes of *Younger*, state criminal proceedings are viewed as a traditional area of state concern") (internal quotation marks omitted). States have important interests in administering certain aspects of their judicial systems, including enforcing the orders and judgments of their courts, and federal injunctions in such cases would interfere with the execution of state judgments on grounds that challenge the very process by which those judgments were obtained. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 2 (1987); *Hicks v. Miranda*, 422 U.S. 332, 349 (1975) ("The rule in *Younger v. Harris* is designed to

permit state courts to try state cases free from interference by federal courts")
(internal quotation marks omitted).

Additionally, Plaintiffs cannot show that they will suffer irreparable harm
absent federal intervention. Under *Younger*, "the cost, anxiety, and inconven-
ience of having to defend against a single criminal prosecution, could not by
themselves be considered 'irreparable' in the special legal sense of that term." *Id.*
at 46. "If there is no injury other than that incidental to every criminal proceed-
ing brought lawfully and in good faith, there is no irreparable injury." *Winn*, at
1259 (internal citation and quotation marks omitted).

## II. Plaintiffs' action should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain
enough allegations of fact to state a claim to relief that is plausible on its face.
*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The *Twombly/Iqbal*
pleading standard requires courts to take a two-prong approach to evaluating
the sufficiency of a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The
first prong requires the court to identify which allegations "are not entitled to
the assumption of truth" because, for example, they state legal conclusions or
merely recite the elements of a claim. *Id.* at 678. The second prong requires the

11

court to assume the truth of the well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Accordingly, in examining a complaint under Rule 12(b)(6), [courts] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## A. Plaintiffs' allegations fail to plausibly allege personal participation sufficient to subject the Defendants to liability under § 1983.

In general, "state actors may only be held liable under § 1983 for their own acts, not the acts of third parties." *Robbins*, at 1251. To state a claim, a § 1983 complaint must allege facts which, if true, establish an "affirmative link between the defendant's conduct and any constitutional violation." *Stidham v. Peace Officer Stds. & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001). Plaintiffs allege that the defendants here, "through their Deputy," filed a notice in the State district court contending that Plaintiffs did not qualify for court-appointed counsel. [Doc. No. 23], ¶20. This implies that Plaintiffs are suing Defendants not for their own actions but for actions taken by their deputy. Plaintiffs do not allege specific acts by Defendants that plausibly suggest that Defendants are liable under section 1983. To the extent Plaintiffs are suing these Defendants in their supervisory capacities, government officials are not vicariously liable for

the misconduct of their subordinates, because "[t]here is no concept of strict supervisor liability under § 1983." *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151-52 (10th Cir. 2006). "Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights," *id.*

Plaintiffs' repeated assertion that "Defendant Hay was aware" or was "personally aware" of certain allegations, *see, e.g.*, [Doc. No. 23], ¶¶ 21, 28, 31, without supporting factual allegations, are also insufficient to state a claim against Defendant Hay. So too are the assertions that "Defendants conspired with [] outside entities," *id.*, ¶25; that "Defendant Hay departed from the standards," *id.*, ¶27; that "Defendants Ring and Hay ratified a self-legislative ad hoc method," *id.*, ¶ 34; or that "Defendants refused to comply," *id.*, ¶35. Likewise, Plaintiffs do not make a single specific allegation of Defendant Ring's unlawful act. Plaintiffs' characterizations are nothing more than opinion or legal conclusion, unaccompanied by specific affirmative acts or omissions, and they are insufficient to withstand a Rule 12(b)(6) motion. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do" (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

### B. Alleged negligence by the Public Defender's office in evaluating Plaintiffs' application does not rise to a constitutional violation.

At most, Plaintiffs' allegations suggest that the public defender's office was negligent in the way it evaluated Plaintiffs' applications for appointment of counsel. However, negligence alone cannot support a claim under section 1983. As the Supreme Court has made clear, liability under § 1983 must be predicated upon a "deliberate" deprivation of constitutional rights by the defendant. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). It cannot be predicated upon negligence." *Daniels v. Williams*, 474 U.S. 327, 330 (1986) ("We conclude that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property); *see also Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability"). Because Plaintiffs do not allege that Defendants deliberately acted to deprive Plaintiffs of any constitutional rights, they fail to state an actionable claim.

14

### C. The State order was a superseding action that broke the chain of causation.

Even if a factfinder could conclude that Defendants' ineligibility determination was somehow unlawful, Defendants could only be held liable for harm proximately caused by their action. *Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006) ("[i]n civil rights cases, a superseding cause, as we traditionally understand it in tort law, relieves a defendant of liability"). Here, the State district court reviewed Plaintiffs' eligibility for court-appointed counsel pursuant to Colo. Rev. Stat. § 21-1-103(3), which provides that "The determination of indigency shall be made by the state public defender, subject to review by the court." *See* Exhibit A, at 2. The district court then made its independent determination that Plaintiffs are not indigent, *id.*, at 5, and denied Plaintiff's request for court-appointed counsel, *id.*, at 6. In its order, the State district court stated that "Ultimately the determination of eligibility is left to the Court." Exhibit A at 2. This determination by the district court was a superseding or intervening cause, and it relieved Defendants of any legal liability.[2]

_____

[2] It is also instructive that when Plaintiffs sought relief from the State order in the Colorado supreme court, they only named the district court and the State public defender's office as respondents. *See*, 2021SA173 (Colorado).

15

D. **Plaintiffs' action is barred by issue preclusion, or collateral estoppel.**

Generally, *res judicata* is an affirmative defense to be pleaded in the defendant's answer. However, when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer. *Tri–State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, 564 Fed. Appx. 345, 347 (10th Cir. 2014).

The U.S. Supreme Court has long recognized that "the determination of a question directly involved in one action is conclusive as to that question in a second suit." *Cromwell v. County of Sac*, 94 U.S. 351, 354 (1876). The idea is straightforward: Once a court has decided an issue, it is "forever settled as between the parties," *Baldwin v. Iowa State Traveling Men's Ass'n.*, 283 U.S. 522, 525 (1931), thereby "protect[ing]" against "the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent verdicts." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015). The issue-preclusion principle means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 356 (2016). Under the doctrine of issue preclusion, "a prior

16

judgment ... foreclos[es] successive litigation of an issue of fact or law actually
litigated and resolved in a valid court determination essential to the prior
judgment." *New Hampshire v. Maine*, 532 U.S. 742, 748–749, (2001); *Herrera v.
Wyoming*, 139 S. Ct. 1686, 1697 (2019). For an issue to be collaterally estopped,
the party invoking the doctrine has the burden of establishing four separate
elements: (1) the issue previously decided is identical with the one presented in
the action in question, (2) the prior action has been finally adjudicated on the
merits, (3) the party against whom the doctrine is invoked was a party or in
privity with a party to the prior adjudication, and (4) the party against whom
the doctrine is raised had a full and fair opportunity to litigate the issue in the
prior action. *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th
Cir. 2014).

The issue presented in this action is whether Plaintiffs are entitled to
court-appointed counsel in their Colorado state criminal proceedings. *See* [Doc.
No. 23] at ¶ 23. This is the same identical issue Plaintiffs raised before the state
district court and which was addressed in the State court order. *See* Exhibit A.
Plaintiffs allege they "have exhausted all potentially adequate state remedies."
[Doc. No. 23] at ¶ 24. Plaintiffs objected to the public defender's ineligibility
determination. Exhibit A at 1. They were present and represented by counsel at

17

a hearing held on the matter before the State district court on April 29, 2021, and a public defender appeared on behalf of the public defender's office. *Id.*, at 1. Because all these elements are met, Plaintiffs are collaterally estopped from maintaining this action.

### E. The doctrine of *Ex parte Young* does not operate to permit Plaintiffs' suit for prospective injunctive relief.

Plaintiffs' amended complaint adds official-capacity claims for injunctive relief against Defendants. *See* [Doc. No. 23]. While the Eleventh Amendment to the U.S. Constitution generally bars official capacity claims for damages against government officials, it does not apply to suits against state officials in their official capacity seeking only prospective relief. *Edelman v. Jordan*, 415 U.S. 651, 667–68 (1974). However, significant limitations exist on the *Ex parte Young* doctrine.

First, there must be an "ongoing violation of federal law." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Second, "*Ex parte Young* applies only to prospective relief" and may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past. *Puerto Rico Aqueduct v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Thus here, Plaintiffs' prayer for a judgment declaring that "Defendants' actions, described herein, violate the Sixth and Fourteenth Amendments

to the United States Constitution," [Doc. No. 23] at 10, necessarily implicates alleged past conduct that does not fall under *Ex parte Young*. Finally, to the extent the real defendant here is the State district court that issued the State order, *Ex parte Young* "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Smith v. Plati*, 56 F. Supp. 2d 1195, 1202 (D. Colo. 1999), aff'd, 258 F.3d 1167 (10th Cir. 2001); *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010) (*Ex parte Young* applies so long as the defendant officer has "some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party") (quoting *Ex parte Young*, at 157); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (the Eleventh Amendment bars a suit against state officials when "the state is the real, substantial party in interest").

Plaintiffs also request this Court to enter a blanket order "enjoining all Defendants, their employees, agents and any and all persons acting in concert with them from further violation of Plaintiffs' civil rights under the Sixth and Fourteenth Amendments to the United States Constitution." [Doc. No. 23] at 10. An order granting an injunction must (1) state

the reason why it is issued; (2) state its terms specifically; and (3) describe in reasonable detail the act or acts restrained or required. Fed. R. Civ. P. 65(d). As the Tenth Circuit has noted, to state a claim for injunctive relief, "the injunctive relief sought must be specific." *Shook v. Bd. of Cty. Commissioners of Cty. of El Paso*, 543 F.3d 597, 608 (10th Cir. 2008). "[G]enerally, injunctions simply requiring the defendant to obey the law are too vague [to satisfy Rule 65]"). *Monreal v. Potter*, 367 F.3d 1224, 1236 (10th Cir. 2004).

### F. Plaintiffs' 1983 claims brought against Defendants in their individual capacity are barred by qualified immunity.

A defense of qualified immunity may be properly asserted in a Rule 12(b)(6) motion. *Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.,* 232 F.3d 1334, 1337 (10th Cir. 2000). Qualified immunity protects government officials as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007). When a defendant raises the defense of qualified immunity, the plaintiff must demonstrate that the defendant's conduct violated a federal constitutional or statutory right which was clearly established at the time of the conduct. *Hulen v. Yates*, 322 F.3d 1229, 1237 (10th Cir. 2003). The plaintiff is then held to a heightened standard of pleading, and the

complaint should include all factual allegations necessary to sustain a conclusion that defendant violated clearly established law. *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 646 (10th Cir. 1988). The plaintiff must adequately allege a violation of clearly established law and plead facts which, if true, show that any reasonable official would have understood that what he or she was doing violated the plaintiff's rights under that law, i.e., that an objectively reasonable official would have known that his conduct was unlawful. *Lawrence v. Reed*, 406 F.3d 1224, 1230 (10th Cir. 2005). If they cannot, their claims must be dismissed. *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) (unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal).

## CONCLUSION

WHEREFORE, for the reasons and authorities set forth above, Defendants respectfully request this Court to dismiss Plaintiffs' Complaint with prejudice and to grant the Defendants all other relief to which they are entitled by law.

RESPECTFULLY SUBMITTED this 7th day of December 2021,

PHILIP J. WEISER
Attorney General


*/s/ Andrew M Katarikawe*

_____

ANDREW M KATARIKAWE*
Senior Assistant Attorney General
Tort Litigation Unit
Civil Litigation & Employment Law Section
SCOTT SCHULTZ*
Senior Assistant Attorney General
Attorneys for Defendants

*Counsel of Record

**<u>CERTIFICATE OF SERVICE</u>**

I certify that I served the foregoing MOTION TO DISMISS upon all parties herein by e-filing and service through the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 7th day of December 2021.


*s/ Linda Miller*